UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
AMERICAN BEVERAGE PACKERS URBAN
RENEWAL LLC,

                                  Plaintiff,

                    -against-

VEOLIA WTS USA, INC. d/b/a VEOLIA
WATER TECHNOLOGIES & SOLUTIONS and JOHN
DOES 1 THROUGH 25,

                                 Defendants.
-----------------------------------------------------------------X

Case No.: 24-CV-458

**COMPLAINT**

**Jury Demanded**

Plaintiff, AMERICAN BEVERAGE PACKERS URBAN RENEWAL LLC ("Plaintiff"), by its attorneys, FORCHELLI DEEGAN TERRANA LLP, complaining of the Defendant, VEOLIA WTS USA, INC. d/b/a VEOLIA WATER TECHNOLOGIES & SOLUTIONS and JOHN DOES 1 THROUGH 25 (collectively, the "Defendant"), alleges as follows:

### JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(1) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

2. Venue is proper pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to the claim occurred in this District.

### THE PARTIES

3. Plaintiff was and is a New Jersey limited liability company, with its principal place of business at 60 Crossways Park Drive West, Woodbury, New York 11797.

4. Defendant was and is a corporation duly organized and existing under and by virtue of the laws of the state of Pennsylvania, with a principal place of business at 4636 Somerton Road, Trevose, Pennsylvania 19053.

5. Defendants John Does 1 to 25 are persons or entities who are, or may be, in possession of Plaintiff's property as more fully set forth in detail below, but whose identities are unknown to Plaintiff.

## FACTS

6. Plaintiff owns industrial property located in the Townships of Edison and Woodbridge, New Jersey.

7. In or about August, 2019, Plaintiff contacted Suez WTS USA, Inc. d/b/a Suez Water Technology & Solutions ("Suez") with respect to having Suez design and install a wastewater treatment plant at Plaintiff's property in New Jersey (the "Project").

8. On or about August 23, 2019, Suez provided Plaintiff with a purchase order in connection with the Project in the total sum of $5,426,454.00 ("Purchase Order").

9. While negotiations and further planning were taking place, in order to secure the pricing set forth on the Purchase Order, on or about October 2, 2019, Plaintiff forwarded Suez a check in the sum of $542,645.40, representing 10% of the Purchase Order.

10. Suez thereafter cashed Plaintiff's check and retained said monies.

11. Upon information and belief, Defendant thereafter acquired Suez and integrated its businesses with Suez's assets, including Defendant's down-payment in the amount of $542,645.40.

12. Defendant thereafter possessed and continues to possess Plaintiff's $542,645.40.

13. The Project never progressed. No formal contract was ever entered into between the parties. Plaintiff and Defendant never discussed nor agreed to any costs to be charged to Plaintiff and no work authorized by Plaintiff was performed by Defendant in connection with the Project.

14. In or about September 2023, when the parties failed to reach an agreement on the Project, Plaintiff requested the return of its $542,645.40 deposit paid and held by Defendant.

15. Defendant has failed, refused and neglected to return said $542,645.40.

16. Defendant took the deposit monies and converted them for its own use.

17. Plaintiff has repeatedly requested that Defendant return Plaintiff's money and Defendant has refused.

18. Even though Defendant has done nothing at all on the Project, Defendant now incredulously claims to have unilaterally applied the $542,645.40 against miscellaneous fees and charges relating to a completely separate project – charges that Plaintiff never agreed to, never authorized and was totally unaware of.

## COUNT ONE
### Conversion

19. Plaintiff realleges and incorporates the allegations set forth in paragraphs "1" through "18" as if fully set forth at length herein.

20. The Defendant converted the property of Plaintiff, by wrongfully and without authorization assuming and exercising the right of ownership over the $542,645.40 and the accrued interest thereon, to the exclusion of Plaintiff's rights therein.

21. Defendant accepted Plaintiff's monies and refused to return the funds when due demand was made to do so.

22. By reason of the foregoing, Plaintiff has been damaged by Defendant in the sum of $542,645.40 plus interest.

### COUNT TWO
**Unjust Enrichment**

23. Plaintiff realleges and incorporates the allegations set forth in paragraphs "1" through "22" as if fully set forth at length herein.

24. Defendant received the sum of $542,645.40 from Plaintiff in order to secure the pricing set forth in the Purchase Order for the work that was anticipated to be performed in connection with the Project, work which was never performed.

25. Defendant has kept the $542,645.40 even though it did not perform the work set forth in the Purchase Order.

26. Defendant has been unjustly enriched in the amount of $542,645.40 because it has failed to perform any of the work called for in the Purchase Order in exchange for this amount.

27. Plaintiff has been damaged in the sum of $542,645.40 because it provided that amount to Defendant and received nothing in return.

28. It is against equity and good conscience to permit Defendant to retain what rightfully belongs to Plaintiff.

29. By reason of the foregoing, Plaintiff has been damaged by Defendant in the sum of $542,645.40 plus interest.

### COUNT THREE
**Monies Had and Received**

30. Plaintiff realleges and incorporates the allegations set forth in paragraphs "1" through "29" as if fully set forth at length herein.

31. Defendant received the sum of $542,645.40 rightfully belonging to Plaintiff.

4

32. Defendant benefited from the receipt of the money in that it has utilized Plaintiff's monies since 2019 and provided no services nor performed any work in exchange for the money.

33. It is against equity and good conscience to allow Defendant to retain Plaintiff's $542,645.40.

34. By reason of the foregoing, Defendant is liable to Plaintiff for money had and received in the sum of $542,645.40 plus interest.

**WHEREFORE**, Plaintiff respectfully demands judgment against Defendant as follows:

    i. On the first cause of action, in the sum of $542,645.404 plus interest, costs and disbursements;

    ii. On the second cause of action, in the sum of $542,645.404 plus interest, costs and disbursements;

    iii. On the third cause of action, in the sum of $542,645.404 plus interest, costs and disbursements; and

    iv. For such other and further relief as the Court may deem just and proper.

Dated: Uniondale, New York
        January 22, 2024

FORCHELLI DEEGAN TERRANA LLP

By: *Jacqueline Rappel*
Jacqueline A. Rappel, Esq. (8673)
*Attorneys for Plaintiff*
333 Earle Ovington Boulevard, Suite 1010
Uniondale, New York 11553
(516) 248-1700